# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| YVETTE BARBARA BALDWIN, <br>     Plaintiff, <br><br> vs <br><br> HASHEMITE KINGDOM OF JORDAN, <br> ET AL., <br>     Defendants. | Case No. 1:12-cv-39 <br><br> Dlott, J. <br> Bowman, M.J. <br><br> **REPORT AND** <br> **RECOMMENDATION** |

    Plaintiff, a resident of Cincinnati, Ohio, has filed a *pro se* complaint with this Court. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490

U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings the instant action against the "Hashemite Kingdom of Jordan;" the "Country of Jordan, et al.;" and the "Country of Jordan - Constitutional Monarchy and their Public Officials, et al. (International Country of Jordan)." (Doc. 2, p. 2). Plaintiff's complaint repeats many of the same delusional allegations contained in previous complaints filed with this Court, which were dismissed at the screening stage. *See, e.g., Yvette Barbara Baldwin v. Uncle Bob's Self Storage, et al.*, No. 1:10-cv-951 (S.D. Ohio, Cincinnati) (Dlott, J.; Litkovitz, M.J.) (Docs. 3, 4, 7, 8); *Yvette Barbara Baldwin v. Cincinnati Bar Ass'n, et al.*, No. 1:11-cv-71 (S.D. Ohio, Cincinnati) (Barrett, J.; Bowman, M.J.) (Docs. 7, 8, 13, 14); *Yvette Barbara Baldwin v. Wyoming Police Dep't, et al.*, No. 1:11-cv-858 (S.D. Ohio, Cincinnati) (Weber, J.; Litkovitz, M.J.) (Docs. 3, 4, 6, 7).[1]

---

[1] It is further noted that another prior complaint filed by plaintiff with this Court is currently pending before the Court on the magistrate judge's Report and Recommendation to dismiss the complaint on the grounds of frivolousness, duplicativeness and *res judicata*. *See Yvette Barbara Baldwin v. Marshall & Ilsley Financial Corp.*, No. 1:11-cv-804 (S.D. Ohio, Cincinnati) (Weber, J.; Litkovitz, M.J.) (Docs. 3, 4). Moreover, plaintiff previously filed a complaint with this Court that was dismissed for lack of prosecution, *see Yvette Barbara Baldwin v. M&I Financial Corp., et al.*, No. 1:10-cv-952 (S.D. Ohio, Cincinnati) (Barrett, J.; Litkovitz, M.J.) (Docs. 5, 17, 22, 23), as well as two complaints in the Southern District of Indiana that were dismissed as frivolous at the screening stage. *See Yvette Barbara Baldwin v. Marshall & Ilsley Financial Corp., et al.*, No. 1:11-cv-01513-WTL-MJD (S.D. Ind.) (Docs. 1, 4, 5); *Yvette Barbara Baldwin v. Marshall & Ilsley Financial Corp., et al.*, No. 1:11-cv-01588-WTL-DML (S.D. Ind.) (Docs. 1, 3, 4). An appeal is currently pending in the United States Court of Appeals for the Seventh Circuit from the district court's judgment in Case No. 1:11-cv-01513-WTL-MJD (S.D. Ind.), Appeal No. 11-3766. More recently, plaintiff has filed *in forma pauperis* applications in connection with two new complaints that she seeks to file with this Court in *Yvette Barbara Baldwin v. State of Indiana, et. al.,* Case No. 1:12-cv-133 (S.D. Ohio, Cincinnati) (Barrett, J.; Wehrman, M.J.), and *Yvette Barbara Baldwin v. United Nations Security Council,* Case No. 1:12-cv-134 (S.D. Ohio, Cincinnati) (Spiegel, J.; Bowman, M.J.). She also has an *in forma pauperis* application pending before the Columbus Division of this Court in *Yvette Barbara Baldwin v. International Country of Germany, et al.*, Case No. 2:12-cv-115 (S.D. Ohio, Columbus) (Smith, J.; King, M.J.).

The instant complaint is rambling and difficult to understand. Construing the complaint liberally, it appears that plaintiff is alleging that the defendants have "ignored" her requests for assistance in obtaining access to certain "royal orders," "edicts," "legal documents" and "land creeds"on display at the Hamilton County courthouse in Cincinnati, Ohio, which she claims she can use as "collateral" to obtain a "large financial loan." (*See* Doc. 2). As relief, plaintiff requests the issuance of an order "acknowledging that [she is] the authority/owner of the royal display/setup;" a "personal loan through 5th/3rd Bank [or other Cincinnati bank] at the maximum amount allowable using the royal display/setup;" and "[i]mmediate relief to make contact with special forces of the Israel military." (Doc. 2, p. 7).

In this case, plaintiff has failed to assert any claim with an arguable basis in fact or law, or alternatively, has failed to state a claim upon which relief may be granted in this federal court. Plaintiff's factual allegations are delusional and, to the extent intelligible, fail to rise to the level of a violation of federal law.

In any event, this Court lacks subject matter and personal jurisdiction over the named defendants. The Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602 *et seq.*, is the "sole basis for obtaining jurisdiction over a foreign state in our courts." *Dekoven v. Bell,* 140 F. Supp.2d 748, 759 (E.D. Mich.) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 434 (1989)), *aff'd*, 22 F. App'x 496 (6th Cir. 2001); *see also Permanent Mission of India to the United Nations v. City of New York,* 551 U.S. 193, 197 (2007). "Under the FSIA, a foreign state is presumptively immune from suit unless a specific exception applies." *Permanent Mission*, 551 U.S. at 197 (citing 28 U.S.C. § 1604; *Saudia Arabia v. Nelson,* 507 U.S. 349, 355 (1993)); *see also Dekoven,* 140 F. Supp.2d at 759 (citing *Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 493 (1983)). Plaintiff has not shown that any exception to the

FSIA exists which would require the Country of Jordan or Jordanian monarchy to answer her claim that she is entitled to the country's assistance in gaining access to certain legal documents purportedly on display in the Hamilton County courthouse or in obtaining a personal bank loan from a Cincinnati bank. At best, plaintiff's allegations suggest that the foreign entities, acting in their official capacity, failed to respond to her requests for assistance. The defendants' alleged acts and omissions, which were governmental in nature and performed in the defendants' official capacity, fall outside any of the exceptions to sovereign immunity in the FSIA. *Cf. Dekoven,* 140 F. Supp.2d at 759-60 (and cases cited therein); *see also Belhas v. Ya'alon,* 515 F.3d 1279, 1283-84 (D.C. Cir. 2008).

Furthermore, it appears that to the extent plaintiff suggests unnamed Jordanian "public officials" are defendants, any claim against them is barred by the "act of state doctrine." Under that doctrine, the courts of one state are precluded from questioning the validity of public acts performed by other sovereigns and their officials "within their own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing to challenge those acts." *See Republic of Austria v. Altmann,* 541 U.S. 677, 700-01 (2004) (and cases cited therein); *see also Samantar v. Yousuf*, 130 S.Ct. 2278, 2290-91 (2010); *Dekoven*, 140 F. Supp.2d at 760. As in *Dekoven*, 140 F. Supp.2d at 759-60, where the plaintiff complained about the failure of Great Britain and Israel to recognize or answer his claims of special status as the "Messiah-God," plaintiff essentially challenges "public acts or omissions of the government committed or omitted within its own territory." Therefore, as the court held in *Dekoven*, 140 F. Supp.2d at 760 (citing *Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 401 (1964)), "the allegations in plaintiff's complaint invoke the Act of State Doctrine, which precludes American courts from inquiring into the validity of the public acts of a recognized foreign sovereign power

committed within its own territory," and plaintiff's complaint against the Country of Jordan, the Jordanian monarchy and its "public officials" should be dismissed as "frivolous."

Accordingly, in sum, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint brought against defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).[2]

/s/ *Stephanie K. Bowman*
United States Magistrate Judge

---

[2]It is noted that plaintiff, a non-prisoner, would remain free to apply for *in forma pauperis* status in the Court of Appeals. *See Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

YVETTE BARBARA BALDWIN,
    Plaintiff,

vs

HASHEMITE KINGDOM OF JORDAN, et al.,
    Defendants.

Case No. 1:12-cv-39

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc